UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:13-cr-121-FtM-38DNF

RONALD FRANCIS CROTEAU

### **ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss and Memorandum of Law (Doc. #82) filed on October 7, 2014. The Government filed a response in opposition on November 6, 2014. (Doc. #84). Then on November 14, 2014, with leave from the Court, Defendant filed a reply. (Doc. #86). This matter is now ripe for review.

### **Background**

On or about August 21, 2013, a grand jury indicted Ronald Francis Croteau. (Doc. #3). The Indictment charges Croteau with eleven counts. (Doc. #3). At issue in this motion is Count XI. Count XI charges Croteau with obstructing and impeding the due administration of the Internal Revenue Service ("IRS") laws in violation of 26 U.S.C. § 7212(a). (Doc. #3). This charge stems from Croteau's tax returns filed in relation to his 2006, 2007, 2008, and 2009 tax terms. Count XI reads in its entirety:

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

<u>COUNT ELEVEN</u>

  Beginning in or about August 2008, and continuing thereafter up to and including August 2011, in Lee County, in the Middle District of Florida, and elsewhere,

RONALD FRANCIS CROTEAU,

defendant herein, did corruptly obstruct and impede and endeavor to obstruct and impede the due administration of the internal revenue laws by, among other things: filing and causing to be filed false personal income tax returns for the tax years 2006 through 2009 in order to receive tax refunds to which he was not entitled; recording fraudulent documents with the Lee County Clerk of Court to discharge debt to the Internal Revenue Service; filing false liens against personnel of the Internal Revenue Service, including the Commissioner of the Internal Revenue Service, in an effort to discharge his debt; filing false and fictitious instruments with the United States Department of the Treasury through the use of "Private Discharging and Indemnity Bonds" in an effort to discharge his current liabilities; and causing information to be provided to an individual to produce filings (Form 1099-OID) for him with the Internal Revenue Service to show false federal income tax withholdings in an effort to receive refunds from the Internal Revenue Service to which he was not entitled.

  All in violation of Title 26, United States Code, Section 7212(a) and Title 18, United States Code, Section 2.

(Doc. #3).

## Discussion

  The main issues in this motion are whether Count XI has a three or six year statute of limitations and whether Count XI is barred by the statute of limitations. Croteau argues Count XI is governed by a three-year statute of limitations and that his last tax return in relation to Count XI was filed on September 23, 2010. Thus, Croteau argues Count XI should be barred and dismissed pursuant to its statute of limitations. Specifically, Croteau interprets 26 U.S.C. § 6531 as providing a three-year statute of limitations for various violations of IRS laws and Section 6531(6) as providing a six-year statute of limitations for only offenses including the intimidation of officers and employees of the United States. Croteau further argues a plain reading and narrow construction of the statute provides that Count XI is governed by a three-year statute of limitations. Croteau cites to the

following cases to support his argument: United States v. Hunerlach, 197 F.3d 1059 (11th Cir. 1999); United States v. Winfield, 960 F.2d 970 (11th Cir. 1992); United States v. Anderson, 319 F.3d 1218 (10th Cir. 2003); and United States v. Ferris, 807 F.2d 269 (1st Cir. 1986).

The United States opposes the motion. The United States asserts Count XI is governed by a six-year statute of limitations pursuant to Section 6531(6) and thus Count XI should not be dismissed. The United States cites to the following cases to support its argument: United States v. Herring, 602 F.2d 1220 (5th Cir. 1979); United States v. Kassouf, 144 F.3d 952 (6th Cir. 1998); United States v. Swanson, 112 F.3d 512 (4th Cir. 1997); United States v. Wilson, 118 F.3d 228 (4th Cir. 1997); United States v. Kelly, 147 F.3d 172 (2d Cir. 1998); United States v. Brennick, 908 F. Supp. 1004 (D. Mass. 1995); and United States v. Sarcia, No. 97 CR 262 (N.D. Ill. Aug. 4, 1997).

In addition, the United States alternatively argues even if the three-year statute of limitations applies to Count XI, dismissal of Count XI would be improper because the limitations period for a violation of Section 7212(a) begins to run on the date of the last corrupt act. The United States argues since Croteau filed a tax return on September 23, 2010, and recorded a Public Notice of Discharge of IRS debt with the Lee County Clerk of Court on August 5, 2011, the August 13, 2013, Indictment was charged within three-years of Croteau's last corrupt act. The United States cites to the following cases to support its argument: United States v. Hunerlach, 197 F.3d 1059 (11th Cir. 1999); United States v. Winfield, 960 F.2d 970 (11th Cir. 1992); and United States v. Wilson, 118 F.3d 228 (4th Cir. 1997).

3

The Court will now turn to the statutory provisions at issue in this motion. Count XI was brought pursuant to 26 U.S.C. § 7212(a) and this statutory provision reads,

> **Corrupt or forcible interference.**--Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a). The first clause of this particular provision, "is aimed at specific threats against an officer or employee acting in an official capacity, and that the second clause is known as the 'omnibus clause' which is a 'catch-all' clause aimed at other activities which may obstruct or impede the due administration of the title." Kassouf, 144 F.3d at 955 (citing United States v. Williams, 644 F.2d 696, 699 (8th Cir. 1981)). A review of the Indictment reveals Croteau is charged with a violation of the omnibus clause.

Even so, the statute of limitations governing this offense is contained in 26 U.S.C. § 6531. Kassouf, 144 F.3d at 959; Kelly, 147 F.3d at 177. Section 6531 reads,

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years-- . . . (6) for the offense described in section 7212(a) (relating to intimidation of officers and employees of the United States)

26 U.S.C. § 6531. Thus, despite the three-year statute of limitations language provided in Section 7212(a), crimes prosecuted pursuant to Section 7212(a) may have a six-year statute of limitations. Kelly, 147 F.3d at 177.

4

The Court will now turn to whether this case has a three or six-year statute of limitations. Since at this time the Eleventh Circuit has not ruled on this precise issue,[2] the Court will heed to other circuits such as the Second, Fourth, Fifth, Sixth, and Ninth for guidance. For example, the Sixth Circuit examined this exact issue in a case called United States v. Kassouf. 144 F.3d 952 (6th Cir. 1998).

In Kassouf, the Sixth Circuit rejected the same argument Croteau presents to this Court. That is, the Sixth Circuit found the crime of corruptly endeavoring to obstruct and impede the due administration of tax laws in violation of Section 7212(a) was governed by a six-year statute of limitations. Kassouf, 144 F.3d at 953, 959. The Sixth Circuit further found the six-year statute of limitations outlined in Section 6531(6) was not exclusive to the "intimidation clause" of Section 7212(a). Id. at 959. The Sixth Circuit expounded there was "nothing to indicate that Congress intended the parenthetical, ["relating to intimidation of officers and employees of the United States"], to be limiting rather than merely descriptive of § 7212(a)." Id. The Sixth Circuit concluded that the parenthetical language in Section 6531(6) is descriptive and not limiting and thus held that the statute of limitations for Section 7212(a) is six years. Id. at 960.

The Ninth Circuit in United States v. Workinger reached the same conclusion. 90 F.3d 1409 (9th Cir. 1996). The Ninth Circuit closely examined Section 6531 and found the subsections under Section 6531 had great breath in that the subsections covered all offenses dealing with obtaining benefits or advantages improperly through the use of fraud or corruption. Id. at 1414. Further, the Court found it would be unlikely for Congress

---

[2] The Court recognizes that the Fifth Circuit Court of Appeal issued a relevant opinion in 1979, United States v. Herring, 602 F.2d 1220 (5th Cir. 1979), and this opinion is binding on the Court because the Middle District of Florida was a part of the Fifth Circuit Court of Appeal in 1979.

to then limit only subsection six so that it only covered crimes with actual intimidation and thus left behind crimes of corruption. Id. Looking to the structure of Section 6531, the Ninth Court found it was apparent that the parenthetical language in Section 6531(6) is descriptive and not limiting. Id. Thus, the Ninth Circuit held a six-year statute of limitations applies to a crime involving corruptly obstructing and impeding the due administration of the internal revenue laws in violation of Section 7212(a). Id. at 1411, 1414.

The Sixth and Ninth Circuit's holdings are in good company with other circuits. See Wilson, 118 F.3d at 236 (finding the statute of limitations period for an omnibus Section 7212(a) offense to be six years and such limitation period to begin to run on the date of the last affirmative act of tax evasion) (citations omitted); Swanson, 112 F.3d 512 (finding the parenthetical in Section 6531(6) to be descriptive and to explain Section 7212(a) rather than to mean only "intimidation" prosecutions under Section 7212(a) have a six-year limitations period); Kelly, 147 F.3d at 177 (holding district court's application of the six-year statute of limitations to a Section 7212(a) omnibus clause crime was not plain error); see also Brennick, 908 F. Supp. at 1017-18 (reaching the same conclusion by noting the term "relating" is normally used in statutes so that cross-references are understandable to the reader and do not normally serve to limit the scope of the preceding language); United States v. Sarcia, No. 97 CR 262 (N.D. Ill. Aug. 4, 1997) (holding the statute of limitations for the offense described in Section 7212(a) is six years).

Upon consideration of the relevant statutes and case law, the Court finds Section 6531(6) governs the statute of limitations of crimes committed in violation of Section 7212(a). Further, the parenthetical language in Section 6531(6), "relating to intimidation of officers and employees of the United States," is descriptive rather than limiting. Thus,

6

the six-year statute of limitations pronounced by Section 6531(6) applies to the crime Croteau is accused of in Count XI. The Indictment clearly indicates Count XI pertains to corrupt act by Croteau that occurred as late as August of 2011. And, both parties concede Croteau's last relevant tax return was filed on September 23, 2010. Thus, at least one corrupt act occurred within three years of the Indictment being filed and well before the six-year statute of limitation. Thus, Croteau's alleged corrupt acts clearly fall within the statute of limitations. The Court finds the Indictment was timely brought within the statute of limitations. Therefore, Croteau's motion to dismiss Count XI is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #82) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, December 9, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record